## Lemon *vs.* Peck.

ERROR TO FLEMING CIRCUIT.

Judge MARSHALL delivered the opinion of the court.

MOTION.

Case 16.

December 24.

1. In a proceeding by the surety of a constable for his release as surety, under the first and second sections of chapter 97 of the Revised Statutes, 654–5, it is necessary that the cause why the surety asks to be released should be stated in the notice of the application; and if denied, must be proved upon the trial.

2. Any reasonable cause, whether it relate to the surety or to the officer alone, or to both, may be deemed sufficient. The county court should be allowed a considerable discretion in deciding upon the sufficiency of the cause, which this court would not control, unless for palpable mistake of judgment.

Peck, as the surety of Lemon in his official bond as marshal of the police court of Flemingsburg, had a written notice served upon him, stating that wishing for good causes to be relieved from said bond on file in the Fleming county court, he notified said Lemon to attend in the said county court on a day designated, being the August term of said court, and execute a new bond with other surety; and that in case of failure to give such bond, he would move said court to remove said Lemon from office. Lemon appeared on the day appointed, and moved the court to quash the notice as being insufficient. But the court "on hearing the law," overruled the motion, and ordered that Lemon execute a new bond; that Peck be released, and that Lemon be removed unless he should execute a new bond before the adjournment of the court on the succeeding day.

Case stated.

VOL. XIII. 50

This proceeding having been commenced in August, 1852, is governed by the Revised Statutes, which took effect on the second day of the preceding month.— And the law of the case is to be found in chapter 97 sections one and two, of the statutes. (*Revised Stat.* 654–655.) The question is, whether there must be some good cause for the wish and motion of the surety to be relieved, or whether the wish alone is sufficient ground for requiring the new bond, and for removing the officer on his failure to give it. If the latter alternative be the correct exposition of the law, then there is nothing judicial in the proceeding, unless it be in determining upon the service of notice; but the court is the mere ministerial agent for carrying into effect the will of the surety making the application. But, under the first alternative the proceeding assumes a judicial character, the court is to judge of the existence and sufficiency of the cause, and the cause itself must be specified in the notice in order that the officer proceeded against may have an opportunity of contesting the matters involved in the decision. The first section of the statute referred to, enacts "that whenever a surety or his representative wishes, for good cause, to be relieved from further liability, &c., he may, by written notice to the officer, require him, by a named day, to appear and give a new bond with other surety, before the court, &c." And the officer is to have reasonable notice, of not less than ten days, of the proceeding. Section second provides, if a new bond be given, the surety shall not be bound for any act of the principal thereafter. If the officer fail to give a new bond on the day named, or such other reasonable day as the court may prescribe, he shall, by order of the court, be removed from office.

If the words "for good cause," used in the first section, have any meaning at all, they must have the effect of qualifying and limiting the case or state of facts in which the new bond is to be required. If those words were omitted, then the mere wish of the

1. In a proceeding by the surety of a constable for his release as surety, under the

surety, with or without cause, authorizes the requisition on his part and makes it imperative upon the officer and the court. But the words being added, the wish must be "for good cause," or there is no case for the proceeding. This construction, which is sufficiently clear upon the words of the statute, is rendered more manifest by comparing it with the pre-existing law on the subject, to be found in the act of 1799. (*Stat. Law*, 1439.) That act makes no reference to the cause or ground for the requisition of a new bond, but merely prescribes a mode of proceeding, by pursuing which the surety may, at his own mere will, require a new bond, and be relieved from further responsibility.

first and second sections of chapter 97 of the Revised Statutes, p. 654 –5, it is necessary that the cause why the surety asks to be released should be stated in the notice of the application; and if denied, must be proved upon the trial.

The Revised Statutes introduce a new element into the case, by the use of the words "for good cause," making, obviously, a change in the language and natural import of the law, which can only be accounted for by assuming that it was intended to change the law itself, by requiring something more than the mere wish or determination of the surety to remain no longer liable. Whether this change was wise or not, it is not our province to inquire. It is sufficient that the law is changed, and that by the present law it is only when the surety wishes, "for good cause," to be relieved, &c., that he is entitled to the benefit of the proceeding, or that the court to which he applies is authorized to entertain and act upon his application. This being the case, it seems necessarily to follow, that the notice, which is the foundation of the proceeding, should state such facts as authorize the proceeding, and require, or at least justify, the relief sought. And as the mere wish of the surety is not sufficient for this purpose, but it must be a wish "for good cause," it seems to be indispensable that the notice should state this good cause, on which the wish is founded, and for which the relief is sought.

But if the surety himself is to be the sole and final judge of the cause which authorizes the proceeding, and requires the relief sought by it, this is leaving the

LEMON
vs.
PECK.

'whole matter to his own wish or determination as it was before. For it might be assumed that such an application was never made under the old law, unless for some cause deemed sufficient by the applicant himself to influence his own determination or wish. And there is really no change in the law, and the requisition of a good cause for the wish to be relieved, means nothing unless the court is to judge of the existence and sufficiency of the cause. To enable it to do so with justice to both parties, the cause—that is, the facts which constitute it—should be stated in the notice, and if denied should be proved. It follows that, in our opinion, the present notice, though stating that the applicant wishes for good causes to be relieved, &c., is not sufficient, and should, therefore, have been quashed.

2. Any reasonable cause, whether it relate to the surety or to the officer alone, or to both, may be deemed sufficient. The county court should be allowed a considerable discretion in deciding upon the sufficiency of the cause, which this court would not control, unless for palpable mistake of judgment.

We deem it proper to add in explanation of the principles of this opinion, that although we regard this proceeding, when properly presented under the Revised Statutes, as partaking of a judicial character, because the court must be the judge of the existence and sufficiency of the cause, we are of opinion that any reasonable cause, whether it relate to the surety or to the officer alone, or to both, may be deemed sufficient; that the court judging of the cause must therefore be allowed a considerable discretion, and that this court would not feel authorized to disturb its conclusion, as to the sufficiency of the cause, unless for a palpable mistake of judgment.

But, for the reasons before stated, the order and judgment of the county court in this case is reversed, and the cause remanded with directions to quash the notice, and dismiss the motion.

*Andrews* and *Jennings*, for plaintiff; *Cord*, for defendant.